# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**SHERMAN WADE,**
**Claimant Below, Petitioner**

**FILED**
**May 20, 2021**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 20-0273** (BOR Appeal No. 2054540)
(Claim No. 2019013694)

**MURRAY AMERICAN ENERGY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Sherman Wade, by Counsel J. Thomas Greene Jr. and T. Colin Greene, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Murray American Energy, Inc., by Counsel Denise D. Pentino and Aimee M. Stern, filed a timely response.

The issues on appeal are an additional compensable condition, temporary total disability benefits, and medical benefits. The claims administrator denied a request to add back strain to the claim on March 4, 2019. On March 12, 2019, the claims administrator closed the claim for temporary total disability benefits. The claims administrator denied authorization for a lower extremity EMG on April 1, 2019. The Workers' Compensation Office of Judges ("Office of Judges") reversed the March 12, 2019 decision and granted temporary total disability benefits for December 24, 2018, and affirmed the March 4, 2019, and April 1, 2019, claims administrator's decisions in its August 15, 2019, Order. The Order was affirmed by the Board of Review on February 21, 2020.[1]

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

---

[1]Mr. Wade requests temporary total disability benefits from March 11, 2019, through June 17, 2019.

1

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W.Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions[.]
>
> . . . .
>
> (d) If the decision of the board effectively represents a reversal of a prior ruling of either the commission or the Office of Judges that was entered on the same issue in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provisions, is clearly the result of erroneous conclusions of law, or is so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the board's findings, reasoning and conclusions, there is insufficient support to sustain the decision. The court may not conduct a de novo re-weighing of the evidentiary record. . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r*, 235 W.Va. 577, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Wade, a coal miner, was injured on December 20, 2018, when he was struck on the head by a rock at work. He sought treatment that day from Wheeling Hospital Emergency Department where he reported head and neck symptoms. The Employees' and Physicians' Report of Injury was also completed that day and indicates Mr. Wade suffered headache, muscle spasms, cervical dorsalgia, and a head injury in the course of his employment. Mr. Wade was treated for the compensable injury by Clark Milton, D.O., and on December 24, 2018, he was released to return to work with no restrictions. The claim was held compensable for unspecified head injury on January 8, 2019.

In a February 11, 2019, treatment note, Ross Tennant, NP, noted that Mr. Wade reported no cervical or upper extremity pain. However, he had developed low back pain radiating into the right thigh as well as constant numbness and tingling in the right foot. Lumbar x-rays showed mild degenerative changes. Thoracic x-rays showed mild degenerative disc disease. Mr. Tennant diagnosed closed head injury, cervical strain, and lumbar strain with radiculopathy. Mr. Tennant recommended lumbar sprain be added to the claim. He stated that Mr. Wade could return to work without restrictions. On February 25, 2019, Mr. Tennant opined that Mr. Wade may have a lumbar disc protrusion and recommended an MRI. Mr. Wade declined light duty restrictions. A March 1, 2019, lumbar MRI showed degenerative changes, most severe from L2 through L5. There was no significant central stenosis or nerve root compression. The claims administrator denied a request to add back strain to the claim on March 4, 2019.

In a March 11, 2019, treatment note, Mr. Tennant stated that Mr. Wade's symptoms were worsening, but he continued to work without restrictions. Mr. Tennant diagnosed closed head injury, cervical strain, lumbar strain with radiculopathy, and degenerative changes. He stated that Mr. Wade was unable to work until April 12, 2019. The claims administrator closed the claim for temporary total disability benefits on March 12, 2019.

Ronald Fadel, M.D., performed a Record Review on March 30, 2019, in which he opined that Mr. Wade did not sustain a low back injury as a result of the compensable injury. He noted that Mr. Wade did not report lower back symptoms when he was initially treated or at his follow up appointment four days later. The claims administrator denied authorization for a lower extremity EMG on April 1, 2019. On April 8, 2019, Mr. Wade returned to Mr. Tennant and reported worsening symptoms. Mr. Wade remained off of work. A bilateral lower extremity EMG was performed on May 6, 2019, and showed normal results.

Mr. Wade testified in a May 17, 2019, deposition that he initially experienced cervical spine symptoms following the compensable injury. Two to three weeks later, he developed leg tingling. Mr. Wade denied any similar symptoms prior to the compensable injury. He asserted that his symptoms have continued to worsen. Mr. Wade testified that he had not worked since March 2, 2019.

In its August 15, 2019, Order, the Office of Judges reversed the claims administrator's denial of temporary total disability benefits and granted benefits for December 24, 2018. The Office of Judges affirmed the remainder of the claims administrator's decisions. Regarding the addition of back strain to the claim, the Office of Judges determined that Mr. Wade failed to show that the condition resulted from the compensable injury. Mr. Wade did not report lower back pain when he was initially treated or at his follow-up appointment four days later. Mr. Wade testified that he did not develop low back or lower extremity symptoms until three weeks after the compensable injury. The Office of Judges also found that Dr. Fadel performed a record review in which he determined that Mr. Wade did not sustain a lower back injury on December 20, 2018. Dr. Fadel found that Mr. Wade did not initially report lower back symptoms. When he was seen for follow-up four days later, Mr. Wade reported improvement in his symptoms and requested to be released to return to work. The Office of Judges found Dr. Fadel's opinion to be reliable.

Regarding temporary total disability benefits, West Virginia Code § 23-4-1c provides that temporary total disability benefits will be granted when the period of disability is greater than three days. The Office of Judges found that Mr. Wade was temporarily and totally disabled for more than three days as a result of the compensable injury. He was injured on December 20, 2019, and released to return to work beginning December 25, 2018. However, pursuant to West Virginia Code § 23-4-5, if a claimant is disabled for less than seven days as a result of the compensable injury, he or she is not entitled to benefits for the first three days of disability. Therefore, the Office of Judges concluded that Mr. Wade was entitled to benefits for December 24, 2018. Lastly, the Office of Judges found that the request for a lower extremity EMG was properly denied. The test was requested to evaluate lower back and bilateral lower extremity symptoms, which the Office of Judges found to be unrelated to the compensable injury. The Board of Review adopted the

3

findings of fact and conclusions of law of the Office of Judges and affirmed its Order on February 21, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970). A preponderance of the evidence indicates Mr. Wade did not sustain a lower back injury in the course of his employment. As found by the Office of Judges, temporary total disability benefits were properly granted for December 24, 2018. Lastly, for an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W.Va. 796, 172 S.E.2d 698 (1970). The request for a bilateral lower extremity EMG was properly denied because it is not necessary treatment for a compensable condition in the claim. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** May 20, 2021

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4